### SHARP vs. SHARP and others, heirs at law of SHARP.

A *replication to a plea of riens per descent* in a scire facias against heirs, *quare executionem non,* that the heir had lands, &c. is good without particularizing the *lands* descended, &c. DEMURRER to replication. *Scire facias quare executionem non* against heirs at law, on a judgment against the ancestor, to be levied of the lands and tenements whereof the ancestor died seised, and which descended to the heirs. The defendants pleaded *riens per descent.* The plaintiff replied that upon the death of the ancestor divers lands and tenements whereof he was seised in his life time, and at the time of his death, did descend to the defendants as such heirs at law, to wit, at the city of New-York, in the county of New-York, concluding to the country. The defendants demurred, specially assigning for cause the want of specification in the replication of the lands alleged to have descended. The plaintiff joined in demurrer.

*D. B. Tallmadge,* for defendants. In a proceeding against heirs by *scire facias* they may plead *riens per descent.* (Comyn's Dig. Pleader 3, L. 5.) The statute, (1 R. L. 316,) allowing a *general* replication, that the heirs have lands, &c. in any action brought against such heirs, contemplated a suit brought for the debt of the ancestor, not a *scire facias* on a judgment. To the plea put in, the plaintiff was bound to specify the lands which he alleged had descended, the same as a plaintiff must allege the particulars of his demand after a plea of *non damnificatus* to a bond of indemnity. (Stephen on Pleading, 362.) Unless he did so, heirs might be greatly prejudiced. The action is local, and the replication should

specify the lands, so that it may be seen that the venue is proper. (Comyn's Dig. pleader N. 4, 5.   9 Johns. R. 250.) The declaration is defective for the want of a venue.

*G. Griffin,* for plaintiff.   The statute allows a general replication in any action brought against the heir.   *Scire facias* is an action; having all the characteristics of an action, and coming within the very words of the statute, the replication is good.   But it is not necessary to rely upon the statute to support the replication; it is good at common law.   Whenever the matter relied on in pleading is peculiarly within the knowledge of the adverse party, the party pleading is not bound to set it forth particularly, for should he err in the specification, the error would be fatal.   A general replication is therefore allowed in such cases.   There is a venue in the margin of the declaration, and that is enough.

*By the Court,* SUTHERLAND, J.   The fourth section of the act for the relief of creditors against heirs and devisees, (1 R. L. 316, sec. 4,) provides that when any action shall be brought against any heir, such heir may plead *riens per descent* at the time of the commencement of such action, and the plaintiff may reply " that such heir had lands, tenements, or hereditaments from his or her ancestor before the commencement of such action."   Although a proceeding by *scire facias* in technically a suit or action, I am inclined to think it is not such an action as was contemplated by the legislature in the section of the act above cited; for the act further directs that if the issue be found for the plaintiff the jury shall enquire of the value of the lands descended, &c. and judgment and execution shall be awarded accordingly.   Upon *scire facias quare executionem non* there is no enquiry or assessment of the value of the lands, &c.   But independently of the statute, the general replication is good at common law. The plaintiff is not bound to set forth particularly in his replication the lands descended, &c. because the fact must rest most especially in the knowledge of the defendant; the plaintiff cannot be supposed to have that precise knowledge on the subject which the defendant must have; he is not

therefore obliged to attempt to specify. It is not analogous to the case of debt on bond of indemnity, where, to a plea of non damnificatus, the plaintiff in his replication must state the particular damage of which he complains; and he must state it upon the principle to which I have just adverted, because it is peculiarly within his knowledge.

The objection as to want of venue is unfounded in fact. There is a venue in the margin of the declaration, to which all the other pleadings are supposed to refer, and by which they will be aided. (1 Chitty, 279. 1 Dunlap, 247. 9 Johns. R. 81. 10 East, 365. 1 Taunt. 379.)

Judgment for plaintiff on demurrer, with leave to defendant to rejoin, on payment of costs.